UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHAO, M.D., OASIS MSO, INC. AND DAVID J. CHAO, MD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SMITH & NEPHEW, INC., SMITH & NEPHEW, PLC, AND DOES 1-10, <br><br> Defendants. | Case No. 13CV114-H (BLM) <br><br> **ORDER DENYING JOINT MOTION TO CONTINUE THE DEADLINE FOR PARTIES TO EXCHANGE EXPERT LISTS AND EXPERT DISCLOSURES** <br><br> [ECF No. 18] |

On August 7, 2013, the parties filed a joint motion requesting that the Court continue the deadline for the parties to exchange expert lists and expert disclosures. ECF No. 18. In support, the partes state that they have been preparing for the filing of Defendant's motion for summary judgment on a case dispositive issue which will be filed "in the next few weeks," and that a continuation would allow them to "focus on the Summary Judgment motion and avoid expert expenses which may ultimate prove unnecessary at this juncture." Id. at 2-3.

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 12 at 7 (stating that dates "will not be modified except for good cause shown"). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party.

Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." Id.

Here, the parties made a similar request during the telephonic Early Neutral Evaluation Conference. After consulting the district judge, the Court held a telephonic Case Management Conference with counsel for both parties on March 29, 2013. ECF No. 11. During the conference, the Court informed the parties that the case management dates and deadlines would not be continued to facilitate the filing of a summary judgment motion or to wait for a ruling on a summary judgment motion. Also, while the parties only request that four deadlines be continued, the reality of the request is that all dates would have to be continued if the parties' request was granted. The Court does not find that the parties have demonstrated good cause for their request or been reasonably diligent given that they have been aware of the Court's position and the relevant deadlines since late March. Accordingly, the parties joint motion is **DENIED**. All dates and deadlines shall remain as previously set. See ECF No. 12.

**IT IS SO ORDERED**.

DATED: August 8, 2013

BARBARA L. MAJOR
United States Magistrate Judge