UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHAO, M.D., OASIS MSO, INC. AND DAVID J. CHAO, MD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SMITH & NEPHEW, INC., SMITH & NEPHEW, PLC, AND DOES 1-10,<br><br>Defendants. | Case No. 13CV114-H (BLM)<br><br>**ORDER GRANTING *EX PARTE* MOTION TO CONTINUE MANDATORY SETTLEMENT CONFERENCE**<br><br>[ECF No. 39] |

On October 28, 2013, Defendant filed an *ex parte* motion to continue the Mandatory Settlement Conference ("MSC") currently scheduled for November 4, 2013. ECF No. 39. In support, Defendant states that the MSC "is not likely to lead to a resolution of the case and is premature at this time" and Defendant "intends to submit a motion for summary judgment demonstrating that plaintiffs cannot establish that [Defendant] violated FDA requirements in the training provided to [Plaintiff David Chao, M.D.]. Id. at 1-2. In further support, Defendant states that it "does not intend to settle this matter before a decision on the anticipated motion for summary judgment" and that even if the motion is unsuccessful, Defendant "has grave reservations about any settlement in this matter." Id. at 2.

On October 28, 2013, Plaintiffs filed an opposition to Defendant's *ex parte* motion. ECF No. 40. In support of their opposition, Plaintiffs argue that (1) Defendant has known

about the MSC since March and should be required to abide by the Court's scheduling order, (2) the future filing of another "motion for summary judgment should not stop the Court from proceeding with the [MSC]," and (3) granting Defendant's application would "send[] the wrong message" as "Defendant's 'we're not going to settle, period' approach thumbs its nose at this Court's order, makes a mockery of this Court's requirements for personal attendance, and discounts this Court's ability to bring recalcitrant parties together in settlement." Id. at 2-3.

The Court strongly disagrees with Plaintiff's arguments. As Plaintiff's counsel surely knows, the Court cannot compel Defendant to settle this case. The Court has read and considered the information set forth in Defendant's *ex parte* motion, Plaintiff's opposition, and the parties' confidential settlement statements. Defendant's documents provide legitimate bases for the position set forth in Defendant's moving papers. Accordingly, after reviewing all of the documents, the Court finds good cause for Defendant's request and **VACATES** the MSC currently set for November 4, 2013. If Defendant does not file another motion for summary judgment or the motion is filed and denied, the parties should contact the Court and the Court will reset the MSC.

**IT IS SO ORDERED**.

DATED: October 29, 2013

*[signature: Barbara L. Major]*

BARBARA L. MAJOR
United States Magistrate Judge